**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| Wright Medical Technology, Inc., | ) | C/A No. 4:19-mc-00356-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | **IN RE SUBPOENA ISSUED TO** |
| vs. | ) | **GRAND STRAND REGIONAL** |
| | ) | **MEDICAL CENTER, LLC** |
| | ) | |
| Paragon 28, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on the motion of Defendant Paragon 28, Inc.'s [ECF No. 4] unopposed motion to seal exhibits 1 and 3 to its Opposition to Wright Medical Technology, Inc's motion to quash or for protective order.

The court has reviewed the materials submitted on this matter. In accordance with *In re Knight Publishing Company,* 743 F.2d 231 (4th Cir. 1984), the court grants the foregoing motion to seal on a temporary basis. Because *In re Knight* requires the court to provide public notice of a party's request to seal and allow interested parties an opportunity to object, this order temporarily grants the motion to seal until November 1, 2019. If in the interim period any interested party wishes to object to the permanent sealing of the documents at issue, that party may file a notice of appearance and state its objections. In the event any objections are filed, the court will schedule a hearing on the motion to seal and hear the arguments of all parties. Should no objections be filed by November 1, 2019, the temporary order will automatically convert to a permanent order to seal.

The court considered less drastic alternatives to sealing the requested documents. The court found that less drastic alternatives were not appropriate in this case, as the documents are subject to a Protective Order entered by the United States District Court for the District of Colorado in Case

No. 18-cv-00691-PAB, Dkt. 42.  The court has independently reviewed the documents in camera and concludes that the documents do not lend themselves to selective redaction.

The court finds persuasive the arguments of counsel in favor of sealing the documents and rejecting the alternatives. The documents contain confidential, proprietary information that could damage Wright Medical Technology's business if disclosed. The court notes that the litigant's interest in nondisclosure of such proprietary information outweighs the public's right to access to this document. *See May v. Medtronic Inc.*, No. CA 6:05-794-HMH, 2006 WL 1328765, *1 (D.S.C. May 15, 2006). The confidential and sensitive nature of the information in the documents at issue requires that the documents be sealed. Therefore, the court grants Defendants' unopposed motion to seal [ECF No. 4] in accordance with the limitations stated herein.  Should no objections be filed by November 1, 2019, this temporary order will automatically convert to a permanent order to seal.

IT IS SO ORDERED.

October 29, 2019                                              s/ R. Bryan Harwell
Florence, South Carolina                          R. Bryan Harwell
                                                                    United States District Judge